
RECEIVED
APR 21 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

FILED
MAY 09 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

KATHY KING     TRIAL BY JURY DEMANDED

PLAINTIFF,

CASE NO. 4:14-CV-068-D

-V-

ENHANCED RECOVERY COMPANY LLC,

DEFENDANT,

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ('FCRA')

### NATURE AND CAUSE OF ACTION

1. Plaintiff, KATHY KING, hereby files this complaint, individually against Defendant, ENHANCED RECOVERY COMPANY, LLC of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

### I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action have been performed, waived or excused.

### II. PARTIES

5. Plaintiff, Kathy King is a natural person residing in Charlotte, North Carolina and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant Enhanced Recovery Company LLC ("Enhanced") is a limited liability corporation formed under the laws of the state of Florida. It has a principle place of business located at 9014

Bayberry Road, Jacksonville, FL 32256.

## III. GENERAL ALLEGATIONS

7. In **February of 2014,** Plaintiff obtained her Transunion credit report and discovered defendant was reporting an alleged debt purported to be owed by Plaintiff. [**See Exhibit A attached hereto and incorporated herein by reference.**]

8. Plaintiff brings this action regarding the Defendant in its reporting of an alleged debt Defendant has represented to be owed them by Plaintiff. However, Plaintiff is without knowledge of the alleged debt that Defendant is reporting on her credit report.

9. Plaintiff immediately filed disputes with the three major credit reporting agencies in February of 2014.

10. After conducting an investigation, Transunion removed the negative item from Plaintiff's consumer credit report.

11. Plaintiff has suffered significant economic harm and as a result of the erroneous credit reporting. Plaintiff does not have very much credit and by Defendant's reporting of this false and erroneous entry, it has further damaged her credit worthiness even more by lowering her credit score.

12. Plaintiff alleges for the record that there is not nexus between Plaintiff and Defendant because Defendant is not a creditor or lender of Plaintiff's; nor has the Defendant ever provided any credit or services to Plaintiff.

13. Plaintiff therefore seeks damages as a result of Defendant's acts.

## IV. FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY

14. Paragraphs 1-13 are re-alleged as though fully set out herein.

15. Discovery of violations brought forth herein occurred in February of 2014 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. 1681p.

16. Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

17. Experian, Equifax and Transunion ("CRA"'s) are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

18. The consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

19. Plaintiff notified Defendant of her dispute by filing it with the CRA's.

20. Plaintiff, by filing disputes with the consumer reporting agencies in February of 2014 invoked her right of action to assert claims of relief against Defendant arising under 15 U.S.C. § 1681s-2(b).

21. All actions taken by Defendant were done with malice, willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff; and/or that their actions were taken in violation of the FCRA; and/or that Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

22. Defendant's acts constitute what appears to be willful non-compliance within the FCRA.

23. Plaintiff has been significantly harmed by Defendant due to the false and erroneous reporting of the alleged debt.

24. Due to Defendant's acts, Plaintiff has suffered anxiety for fear of being denied credit.

25. The fear from being denied credit was a proximate cause of Defendant's reporting of false debt in the form of accounts that Plaintiff did not owe to Defendant.

26. Plaintiff is entitled to actual damages for those creditors who denied Plaintiff credit based on a diminished credit score, deteriorated credit worthiness, and the inability to open a checking account.

27. Defendant's negligent and noncompliant acts may have been a direct violation of 15 USC §1681(n) and 15 USC§1681(o), respectively.

28. On February 24, 2014, Plaintiff provided Defendant with an opportunity to provide how they determined she owed them a debt and attempted such mitigation by sending to them, by facsimile, a letter inquiring why they were reporting this negative item onto my credit report.[See **Exhibit B attached hereto and incorporated herein by reference.**]

29. Within the same communication to Defendant, Plaintiff requested any and all documentation they

have sent to Plaintiff notifying her of an alleged debt.

30. Defendant has not responded to date.

31. Plaintiff had no other avenue to take other than seeking her remedy for damages by filing this civil action against Defendant's perceived violations.

32. The negative accounts were removed because of what Plaintiff believes to be the CRA's inability to verify that the alleged debt was owed by Plaintiff.

33. Defendant's actions is willful and negligent and appears to be in violation of 15 U.S.C. § 1681n because it knew or should have known that the reporting of an alleged debt was false and inaccurate, and not owed to them by Plaintiff.

34. From February of 2013 to February of 2013, Enhanced has been willfully submitting the negative item to be reported to Plaintiff's Transunion credit reporting agencies which it knew was false and inaccurate and appears to be a violation of FCRA 15 U.S.C. § 1681s-2(b).

35. Plaintiff seeks a determination from the court to make Defendant liable for its violations for statutory damages, actual damages, and attorney's fees to be decided at trial and all fees and costs of Plaintiff pursuant to FCRA 15 U.S.C. Section 1681n.

36. As a result of the Defendant's consumer obstructions, Plaintiff demands judgment for damages against Defendant for actual and statutory damages of $1000.00, attorney fees, and other costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

37. Defendant therefore will be liable unto Plaintiff pursuant to 15 USC §1692k in the amount of $1000.00 plus punitive, consequential, and actual damages once the Discovery process has commenced.

### V. PRAYER AND CLAIM FOR RELIEF

A. Actual damages including stress related injuries: Indignation and pain and suffering.

1. Statutory damages pursuant to: Judgment that the Defendant conduct violated the FCRA laws cited above.
2. Actual Damages: Lowered Credit Worthiness, Anxiety and Anger, Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o;

3. Any Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);
4. That Plaintiff recovers such other and further relief as is just and proper as well as other claims.

## CONCLUSION

WHEREFORE, pursuant to the above noted and FCRA sections, emphasis on 1681s, 1681n and the Court's own powers, Plaintiff respectfully requests that the Court:

1. Enter a permanent ORDER to prevent future violations of the FCRA by Enhanced.

2. Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendant's violations of the FCRA.

3. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint; and

4. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

5. Judgment to be awarded in Plaintiff KATHY KING's favor as follows:

6. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o.

Dated: 21, 2014

Respectfully submitted,

*Kathy King*
KATHY KING, Consumer/Plaintiff
620 Second Avenue
New Bern, North Carolina 28560